Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030 Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BRAVO, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. | |
| VITAL RECOVERY SERVICES, INC.; and DOES 1 through 10 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and for invasion of privacy.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff RYAN BRAVO, is a natural person residing in the state of California, County of San Francisco.

4. Defendant VITAL RECOVERY SERVICES, INC. ("VRS") is a corporation doing business of collecting debts in California operating from an address at PO Box 923748 Peachtree Corners, GA 30010-3748.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a

"debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV.  FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, VRS acquired information regarding an alleged debt (the "DEBT") that Plaintiff had incurred.

13. In 2014, VRS began calling Plaintiff in an attempt to collect the DEBT.

14. On more than one occasion, VRS called Plaintiff more than once on a single day.  VRS called and left several messages on Plaintiff's voicemail.

15. In or around October 2014, VRS called Plaintiff's work in an attempt to collect the DEBT.

16. VRS spoke with an employee at Plaintiff's work and disclosed details regarding the DEBT.

17. VRS disclosed details regarding the DEBT to a member of Plaintiff's family.

18. In or around October 2014, Plaintiff called and spoke to VRS's employee and agent, Ron Smith, and Plaintiff asked Ron to cease calling and harassing Plaintiff at work and on his cell phone to which Ron responded in a threatening manner that was emotionally harming to Plaintiff.

19. VRS's employee, Ron Smith, raised his voice towards Plaintiff and attacked his integrity.

20. VRS ignored Plaintiff's requests and proceeded to call Plaintiff on his cell phone.

21. In or around October 2014, Plaintiff spoke again to VRS's employee and agent, Ron Smith. Ron Smith continued to be rude and aggressive towards Plaintiff and insisted Plaintiff use a credit card or receive a loan to pay off the debt.

22. Ron called Plaintiff dishonest and ended the call by stating "the collection process will escalate" and hung up on Plaintiff.

23. As a result of the acts alleged above, Plaintiff suffered emotional distress.

## V.  FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

24. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

25. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;

   (b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

   (c) The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

   (d) The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication;

   (e)  The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

      (f)    The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

      (g)    The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

      (h)    The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

      (i)    The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer; and

      (j)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

26.    As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF

(**Against all Defendants for Violation of the Rosenthal Act**)

27.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

28.    Defendants violated the Rosenthal Act, by including but not limited to, the following:

      (a)    The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

      (b)    The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be

|   |   |   |
|---|---|---|
| | | unreasonable and to constitute a harassment to the Plaintiff under the circumstances; |
| | (c) | The Defendants violated California Civil Code § 1788.12(a) by communicating with the Plaintiff's employer regarding the debtor's debt; |
| | (d) | The Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family; and |
| | (e) | The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above; |

29. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

31. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.   THIRD CLAIM FOR RELIEF

**(As against all Defendants for Invasion of Privacy:**

**Intrusion Into Private Affairs And Public Disclosure of Private Facts)**

32. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

34. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion, and private affairs by repeatedly and unlawfully attempting to collect a debt which included contacting Plaintiff at his place of employment and disclosing details about the DEBT to third parties .

///

35. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

36. As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

37. Defendants acted with oppression, fraud, or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

(d) For punitive damages;

(e) For such other and further relief as the Court may deem just and proper.

Date: November 12, 2014

                                        _____s/ Jeremy S. Golden_____
                                        Jeremy S. Golden,
                                        Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: November 12, 2014

_____s/ Jeremy S. Golden_____
Jeremy S. Golden,
Attorney for Plaintiff